Rebekah S. Guyon (SBN 291037)
*Rebekah.Guyon@gtlaw.com*
Lori Chang (SBN 228142)
*ChangL@gtlaw.com*
David H. Marenberg (SBN 329954)
*MarenbergD@gtlaw.com*
GREENBERG TRAURIG, LLP
1840 Century Park East, 19th Floor
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800

Attorneys for Defendant Visionworks of America, Inc.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| SUSAN COLBY, ASIA HARRIS, OLUWAKEMI FOSUDO ADE, and DANA BERKLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>VISIONWORKS OF AMERICA, INC.,<br><br>Defendant. | CASE NO.: 1:25-CV-00387-JLT-SAB<br><br>**DEFENDANT VISIONWORKS OF AMERICA, INC.'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS GRANTING MOTION TO TRANSFER VENUE**<br><br>Assigned to: District Judge Jennifer L. Thurston |

## I. INTRODUCTION

The Court should adopt Magistrate Judge Boone's well-reasoned Findings and Recommendations (Dkt. 20 ("F&R")) and grant Defendant Visionworks of America, Inc.'s ("Visionworks") motion to transfer venue to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). The Magistrate Judge properly analyzed the record and relevant case authorities, considered arguments from both sides, and gave the appropriate weight to the evidence relevant to each transfer factor. F&R at 8-12; *Newby v. Treyled Life Settlements LLC*, Case No. 1:24-cv-00886-JLT-SAB, 2025 WL 585913, at *1 (E.D. Cal. Feb. 21, 2025) (Thurston, J.) (adopting findings and recommendations to transfer pursuant to 28 U.S.C. § 1404(a) that were "supported by the record and proper analysis" and gave the evidence offered by the petitioners in support of various transfer factors "appropriate weight"). Plaintiffs provide no reason to disturb those sound findings.

Magistrate Judge Boone properly recommended granting Visionworks' motion because litigating in the Western District of Texas would be more convenient for the parties (including three of the four Plaintiffs, who are located around the country and have no connection to the Eastern District of California, F&R at 8), more convenient for the witnesses (who are primarily located in the Western District of Texas, *id.* at 9), and would relieve this Court's heavily overburdened docket (*id.* at 12) of a case that is only connected to the forum by one Plaintiff's residence in the district. Plaintiffs do not challenge these findings.

Rather, Plaintiffs predominantly argue that transfer should be denied because the earlier-filed *Sharma v. Visionworks of Am., Inc.*, Case No. 5:24-cv-00206 (W.D. Tex. Feb. 2, 2023) case in the Western District of Texas has been closed. Objs. at 1. But that objection is irrelevant—and not grounds to depart from the F&R, because Magistrate Judge Boone did not find that the first-to-file rule and *Sharma*'s pendency weighed in favor of transfer. F&R at 6. Plaintiffs also object that the balance of local interest or their choice of forum should weigh in favor of transfer, but Magistrate Judge Boone properly applied established precedent to conclude that those factors were neutral in this putative class action, where multiple states' laws are asserted. Objs. at 2. Plaintiffs provide no authority—because none exists—that would support departing from Magistrate Judge Boone's reasoned findings on these factors.

Moreover, transfer is warranted here for the additional reason that the Court's lack of personal jurisdiction over Visionworks for three of the four Plaintiffs' claims can be resolved by transfer. *See*

*Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 263-65 (2017)*;* Dkt. 8 ("Mot.") at 13-14; Dkt. 15 ("Reply") at 9-10 (citing cases). This additional reason, while unnecessary to adopt the F&R, weighs strongly in favor of transfer. *Massie v. GM Co.*, Case No.: 1:20-cv-01560-JLT, 2021 WL 2142728, at *9 (E.D. Cal. May 25, 2021) ("[A] change of venue from a forum where there is a difficult question of personal jurisdiction . . . to a district where there are not such uncertainties serves the interests of justice").

Although the transfer analysis is not a rote tallying of factors, the Magistrate Judge found that at least half weighed in favor of transfer, and none weighed against transfer. These well-reasoned findings should be adopted.

## II. THE COURT SHOULD OVERRULE PLAINTIFFS' OBJECTIONS

The Magistrate Judge properly found that countervailing considerations outweighed every objection raised by Plaintiffs. Plaintiffs' reiteration of the same arguments that Magistrate Judge Boone properly considered is not grounds to depart from the F&R. *See Navarro v. Target Corp.*, Case No. 1:24-cv-00280 JLT SAB, 2025 WL 986949, at *2 (E.D. Cal. Apr. 2, 2025) (Thurston, J.) (finding the plaintiff's reiteration of arguments in its objections "unpersuasive" where magistrate judge's reasoning reflected due consideration of and weight applied to those arguments despite ultimately recommending transfer); *see also* F&R 4-5 (citing cases holding that "[w]eighing of the factors for and against transfer involves subtle considerations," that "[n]o single factor is dispositive, and [that] a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis").

### A. The Balance of Local Interests Does Not Weigh Against Transfer.

The Magistrate Judge correctly recognized, and Plaintiffs do not dispute, that any local interest California has is tempered in this putative nationwide class action where three of four named Plaintiffs have no connection to the state. Plaintiffs' objection on the grounds that "a powerful interest in a specific regulatory area should outweigh a general interest in regulating resident corporations" (Objs. at 2) is wholly unsupported. *See van Meter v. Mondelez Int'l, Inc.*, No. 24-CV-00565-AMO, 2025 WL 875391, at *4 (N.D. Cal. Mar. 18, 2025) (finding factor neutral, holding that California's specific regulatory interest in enforcing environmental, social, and governance standards through consumer protection statutes prohibiting misleading labeling was offset by Illinois's "countervailing interest in adjudicating disputes involving companies headquartered there"); F&R at 11; Reply at 9 (citing cases). *Greenley*, cited by

Plaintiffs, is inapposite. In *Greenley*, a single California resident named plaintiff sought to represent a putative class of *only* California residents and asserted *only* claims under California law. *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1035-36 (S.D. Cal. 2023). Here, by contrast, only *two* of 29 claims are limited to California residents. Reply at 9. Moreover, Plaintiffs do not deny that Texas has an equally countervailing local interest in regulating the conduct of Visionworks, which is headquartered in Texas. F&R at 12 (citing several cases); *see also Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 592 (9th Cir. 2012) ("[T]he district court erred by discounting or not recognizing each state's valid interest in shielding out-of-state businesses from what the state may consider to be excessive litigation.").

Plaintiffs also do not dispute that Texas is equally capable of applying California law and thus equally capable of protecting Plaintiff Colby's interests. *See Clarke v. Kraft Heinz Co.*, Case No. 21-cv-02437-RS, 2021 WL 4079176, at *3 (N.D. Cal. Sept. 8, 2021) ("[P]rinciples of federalism require confidence that a federal court in [transferee state] will interpret California's laws to protect its citizens to the same extent a federal court in California would.").

In short, no authority supports Plaintiffs' position that the balance of local interests weighs against transfer here.

**B. Plaintiffs' Choice of Forum Has Minimal Weight.**

Plaintiffs object on the grounds that they "chose this forum, so their choice of forum should be found to weigh against transfer (however slightly)." Objs. at 2. But Magistrate Judge Boone agreed that Plaintiffs' choice of forum *did* slightly weigh against transfer in isolation, but properly considered the countervailing facts that rendered the factor neutral, specifically the nationwide putative class alleged, the "limited connection" between the "operative facts" and this District, and the "locus" of the dispute in the Western District of Texas. *See* F&R at 7-8; Mot. at 11; Reply at 5; *Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 779 (N.D. Cal. 2015) (holding that choice of forum was "afforded less deference" because plaintiffs filed putative class action where the "majority of the named plaintiffs [did] not reside" and "where very few of the operative facts occurred[,]" with any deference "outweighed by" the case's "significant connection" to the proposed transferee district, where defendant was headquartered and conducted substantial business); *see also Newby*, 2025 WL 585913, at *1 ("[T]he initial choice of forum is given 'diminished weight' when there are 'only limited material connections between the events underlying [the] action' and the initial

forum. . . . The magistrate judge therefore applied the correct standard here."). Again, *Greenley* is inapposite, because there, the "[p]laintiff and all putative [c]lass [m]embers reside[d] in California, and a substantial part of the injury occurred in the Southern District of California." *Greenley*, 684 F. Supp. 3d at 1043. Those facts are not true here. *Greenley* also recognized that deference to a plaintiff's choice of forum is reduced even further when a class action "span[s] multiple states" like it does here. *Id.* Thus, in light of all of the facts presented in this putative nationwide class action, Plaintiffs' choice of forum is neutral at best in the transfer analysis.

**C. The Administrative Status of *Sharma* is Not Grounds to Deny Transfer.**

Finally, citing no authority, Plaintiffs argue that the Magistrate Judge's recommendation to deny transfer under the first-to-file rule necessarily means that the "feasibility of consolidation" factor under 28 U.S.C. § 1404(a) "***strongly*** weighs" *against* transfer. *See* Objs. at 1 (emphasis in original). But the inability to consolidate this case with the earlier-filed *Sharma* would at most render the factor inapplicable and therefore neutral, which is what the Magistrate Judge found. *See* F&R at 11 (finding that this factor was neutral "[g]iven [*Sharma*'s] inactive status"); *Peters v. Wells Fargo Bank, N.A.*, No. 17-cv-04367-JST, 2018 WL 398238, at *6 (N.D. Cal. Jan. 12, 2018) (finding factor neutral despite plaintiff's argument that the Northern District was handling similar litigation because a judge had twice declined to relate the similar cases); *Agasino v. Am. Airlines Inc.*, Case No. 19-cv-03243-LB, 2019 WL 3387803, at *5 (N.D. Cal. July 26, 2019) (finding factor neutral where no earlier-filed case could feasibly be consolidated in the transferee court).

Visionworks maintains that, contrary to Magistrate Judge Boone's findings, the earlier-filed *Sharma* action weighs in favor of transfer. *See* F&S 3; Reply at 8. "In general, cases should be transferred to districts where related actions are pending." *Vehimax Int'l, LLC v. Jui Li Enter. Co., Ltd.*, Case No. CV 09-6437 SVW (JEMx), 2010 WL 11527371, at *4 (C.D. Cal. Mar. 16, 2010). Plaintiffs appear to assert that transfer is inappropriate because consolidation with *Sharma* is not feasible while the case is administratively closed. Objs. at 1. But the uncertainty of consolidation in the transferee court is "not important given the significant factual overlap" between the cases, and the high risk of inconsistent judgments if the case is not transferred is "precisely the type of situation § 1404(a) was designed to prevent." *Ecological Rights Found. v. United States EPA*, Case No. 19-cv-04242-RS, 2019 WL 5295124,

at *3 (N.D. Cal. Oct. 18, 2019) Although the Magistrate Judge determined that there is no risk of inconsistent judgments while *Sharma* remains dormant, (F&R at 6), the case may be re-opened at any time, including as a result of Plaintiff Ade's conduct, since she is also a claimant in *Sharma*.[1] But even if consolidation with *Sharma* does not occur, as the Ninth Circuit has made clear, "[t]o hold that the pendency of an action between the parties in another district could not be considered unless the action could be consolidated would unnecessarily limit the factors that should be considered in making a transfer determination." *A.J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974).

Thus, under established law, the pendency of the earlier-filed *Sharma* case still weighs in favor of transfer.

## III. CONCLUSION

For the foregoing reasons, the Court should adopt Magistrate Judge's F&R and order transfer to the Western District of Texas.

Dated: November 13, 2025

GREENBERG TRAURIG, LLP

By: */s/ Rebekah S. Guyon*
Rebekah S. Guyon
Lori Chang
David H. Marenberg

Attorneys for Defendant Visionworks of America, Inc.

[1] Plaintiffs' claims that Visionworks has "successfully caused [*Sharma*] to wither and die" are not only irrelevant, but untrue. Plaintiff Ade *is a claimant in Sharma*, and is as responsible, if not more, than Visionworks for its present status. F&R at 1 (emphasis added).